UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES PETER PANTELAKOS JR.,

      Plaintiff,

v.                                                                       Case No: 6:11-cv-947-Orl-36DAB

MICHAEL SPADAFORA, DANIEL
OGDEN, CANDICE MATTHEWS,
SERGEANT GAMIN, FRANCES
DUFRENSE, BREVARD COUNTY, J.R.
JACK PARKER, BREVARD COUNTY
SHERIFF DEPARTMENT, BRIAN ONEK
and ALL KNOWN AND UNKNOWN
OTHERS,

      Defendants.
_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker on November 26, 2012, finding that *pro se* Plaintiff James Peter Pantelakos, Jr.'s ("Plaintiff") appeal lacks any arguable merit and recommending that his Motion for Leave to Proceed *In Forma Pauperis* (Doc. 78) be denied. Doc. 80, p. 6. On December 11, 2012, Plaintiff filed another Motion for Leave to Proceed *In Forma Pauperis* that the Court construes as an Objection to the Report and Recommendation.[1] *See* Doc. 81. As such, this matter is ripe for review.

**I.**      **BACKGROUND**

---

[1] Fourteen days following the Magistrate's decision in the Report and Recommendation, Plaintiff filed a largely incomprehensible pleading appearing to object to the Magistrate Judge's conclusion that his appeal is taken in bad faith. *See* Doc. 81. As such, the Court construes Plaintiff's most recent pleading as an Objection.

1

Plaintiff filed an action for claims arising out of his arrest on June 8, 2007. *See* Second Amended Complaint ("SAC"), Doc. 42. Plaintiff alleges that he was charged with multiple counts of transmitting child pornography within Florida. *Id.*, p. 8. Brevard County records indicate that Plaintiff was adjudicated guilty on eight counts of transmitting harmful information to minors and at least one count of using a computer service to solicit, seduce or lure a minor. Doc. 45, p. 3; Doc. 17-Ex.1.[2] Presently, Plaintiff is on supervised release.

On October 5, 2012, this Court granted the Individual Defendants' Motion to Dismiss Plaintiff's SAC (Doc. 45), granted Defendant Brevard County's Motion to Dismiss Plaintiff's SAC (Doc. 59), declined to exercise supplemental jurisdiction over Plaintiff's state law malpractice claim, and dismissed Plaintiff's SAC with prejudice. *See* Doc. 73, p. 25.

Plaintiff seeks to appeal from the Court's Order of Dismissal, and moves to pursue his appeal *In Forma Pauperis*. *See* Doc. 78. Magistrate Judge Baker found that in light of the Court's conclusions that Plaintiff's claims were untenable due to lack of subject matter jurisdiction and/or factual support, Plaintiff's appeal was not taken in good faith. Doc. 80, pp. 5-6.

## II. STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v.*

---

[2] *See* Brevard County Clerk of Court's docket report for James Pantelakos, Jr. and the Florida Department of Corrections offender information, Doc. 17-Ex. 1; *see also Kendrick v. Florida*, 2010 WL 4680880, *1 (M.D. Fla. 2010) (taking judicial notice of information available on database maintained by county clerk of court); *Rentz v. Peters*, 2009 WL 1587147, *3 (M.D. Fla. 2009) (taking judicial notice of the plaintiff's information on the Florida Department of Corrections' website concerning his crimes and sentence).

*State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### III. ANALYSIS

In the Report and Recommendation, Magistrate Judge Baker reviews the Court's Order dismissing Plaintiff's SAC with prejudice, and concludes that Plaintiff's appeal was not taken in good faith and therefore his Motion for Leave to Proceed *In Forma Pauperis* should be denied. Doc. 80, pp. 3-6. The Court agrees that Plaintiff's appeal lacks merit and his Motion should be denied. *See Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) ("In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded."); *Bell v. HCR Manor Care Facility of Winter Park*, 2010 WL 4096849, *2 (M.D. Fla. 2010).

Although barely comprehensible, Plaintiff's Objection appears to repeat his arguments relating to the impropriety of his 2007 arrest. *See* Doc. 81, pp. 4-11. As this Court has

repeatedly explained, to the extent that Plaintiff's claims cast doubt on the validity of an element of the offenses for which he has been adjudicated guilty, they are barred by the *Heck v. Humphrey* favorable termination requirement. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Spellissy v. Pettigrew*, 2011 WL 201499, *2 (M.D. Fla. 2001); *Vickers v. Donahue*, 137 Fed. Appx. 285 (11th Cir. 2005); *see* Doc. 15, pp. 2-3; Doc. 73, n.8, n. 12, n.13. Further, Plaintiff's claims alleging defamation regarding his conviction for transmission of child pornography were dismissed because a claim of being defamed by a police officer is not viable under 42 U.S.C. § 1983, and Plaintiff cannot demonstrate falsity, an essential element for establishing defamation. Doc. 73, pp. 20-21 (citing *Walker v. Atlanta Police Dept. Public Affairs Unit*, 322 Fed. Appx. 809, 811 (11th Cir. 2009) and *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1114 (Fla. 2008)).

Given Plaintiff has failed to make any persuasive objection to any finding of fact or law in the Report and Recommendation, his Objection lacks merit. 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 674. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 80) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Any appeal by Petitioner would not be taken in good faith.

   3.  Plaintiff James Peter Pantelakos, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* (Doc. 78) is **DENIED**. Petitioner is not entitled to appeal as a pauper and shall pay the appellate filing fee.

   **DONE** and **ORDERED** in Orlando, Florida on December 19, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker